IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CARY J. JOHNSON, | ) | |
| | ) | Civil No. 00-1498-MO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT O. LAMPERT, | ) | |
| | ) | OPINION AND ORDER |
| Respondent. | ) | |

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

   Attorney for Petitioner

Hardy Myers
Attorney General
Lester R. Huntsinger
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

   Attorneys for Respondent

///

MOSMAN, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He seeks to challenge numerous underlying state convictions on the basis that they violate the Sixth and Fourteenth Amendments. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#44) is denied, and this case is dismissed, with prejudice.

## BACKGROUND

On June 20, 2004, petitioner was convicted of Conspiracy to Commit Murder, Attempted Felony Murder with a Firearm, Attempted Murder with a Firearm, two counts of Assault in the First Degree with a Firearm, Burglary in the First Degree with a Firearm, and Felon in Possession of a Firearm. Respondent's Exhibit 101. Petitioner was sentenced to a term of incarceration totaling 238 months.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court from the bench, and the Oregon Supreme Court denied review. Respondent's Exhibits 105-106. The appellate judgment became final on January 30, 1996. Respondent's Exhibit 106.

Petitioner next filed for relief in Oregon's post-conviction ("PCR") courts. With the exception of a single sentencing error, the PCR trial court concluded that petitioner was not entitled to relief. Respondent's Exhibits 115-117. Petitioner appealed the

2 - OPINION AND ORDER

PCR trial court's decision, but the Oregon Court of Appeals affirmed the lower court and the Oregon Supreme Court denied review. Johnson v. Johnson, 164 Or.App. 785, 995 P.2d 597, rev. denied 330 Or. 252, 6 P.3d 1099 (2000). The effective date of the appellate judgment in petitioner's PCR proceeding was May 30, 2005. Respondent's Exhibit 122.

On October 5, 2000, petitioner filed a successive PCR petition, but the PCR trial court dismissed the petition as untimely. Respondent's Exhibit 137. The Oregon Court of Appeals affirmed without opinion on October 15, 2003, and the Oregon Supreme Court denied review on May 18, 2004. Johnson v. Lampert, 190 Or.App. 304, 79 P.3d 417 (2004), rev. denied 337 Or. 34, 93 P.3d 71 (2004).

On November 3, 2000, petitioner filed his federal Petition for Writ of Habeas Corpus, and amended the pleading on December 21, 2004 and May 24, 2005. Because petitioner's claims are adequately stated in the parties' submissions, they are not repeated here. Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner failed to timely file this action; (2) some of the grounds for relief are unsupported by any briefing; (3) various claims are procedurally defaulted; and (4) the Oregon state court decisions are entitled to deference.
///
///

3 - OPINION AND ORDER

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

In this case, petitioner concluded his direct review in Oregon's state courts on January 30, 1996. The period of direct review also includes the 90-day period within which a petitioner can petition United States Supreme Court for a writ of certiorari, whether or not he actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, petitioner's direct review did not become final for purposes of AEDPA's statute of limitations until April 29, 1996. He had one year from this

4 - OPINION AND ORDER

date to file a federal habeas action or toll AEDPA's limitation period by properly filing a PCR petition. See 28 U.S.C. § 2244(d)(2) (a properly filed application for collateral review tolls AEDPA's limitation period).

As noted above, petitioner did not file his first PCR petition until January 29, 1998. Accordingly, 640 untolled days accrued between the conclusion of petitioner's direct appeal and the commencement of his PCR action. In addition, while petitioner's first PCR petition tolled AEDPA's one-year limitation period, his successive PCR petition did not toll AEDPA's one-year limitation period because it was untimely. See Pace v. DiGuglielmo, 125 S.Ct. 1807, 1812-1814 (2005) (untimely PCR petitions are not considered "properly filed"). Because petitioner failed to file this case within AEDPA's one-year statute of limitations, he is not entitled to relief.

## CONCLUSION

Because this action is untimely, the Amended Petition for Writ of Habeas Corpus (#44) is DENIED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 13 day of September, 2005.

Michael W. Mosman
United States District Judge